UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JEFFERY WOODS,<br>　　　Plaintiff, | Case No. 1:20-cv-693 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| ARTHUR M. NEY, JR., *et al.*,<br>　　　Defendants. | REPORT AND<br>RECOMMENDATION |

　　　Plaintiff, an inmate at the Marion Correctional Institution, in Marion, Ohio, has filed this pro se action under 42 U.S.C. §§ 1983, 1985, and 1986 against defendants former Hamilton County Prosecuting Attorney Arthur M. Ney, Jr., former Hamilton County Assistant Prosecuting Attorneys Janna Flessa and Thomas P. Longano, defense attorney Peter Rosenwald, Dr. Nancy Schmidtgoessling, and Hamilton County Common Pleas Court Judge William S. Matthews. It appears that plaintiff is challenging his 1986 Hamilton County, Ohio, criminal convictions and sentence in Case No. B-852988. (*See* Doc. 1-1). Plaintiff has paid the filing fee. (Doc. 10).

　　　This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).

　　　Although plaintiff has paid the filing fee, the Court is required by statute to screen the complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or states a claim against a person who is immune from suit. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil

cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal

2

standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that in 1985 he was subject to criminal proceedings in the Hamilton County, Ohio, Court of Common Pleas and was subsequently convicted of rape and robbery. (Doc. 1-1 at PageID 14-15). Although not set forth in plaintiff's complaint, his convictions were affirmed by the Ohio state courts. *See State v. Woods*, Nos. C-860576, C-870179, 1987 WL 12463 (Ohio Ct. App. June 10, 1987) (per curiam), *perm. app. denied*, 732 N.E.2d 999 (Ohio 2000) (table). This Court later dismissed plaintiff's petition for habeas corpus relief as time-barred, and the Sixth Circuit denied his application for a certificate of appealability. *See In re Woods*, No. 19-3029 (6th Cir. Mar. 14, 2019) (Cole, Siler, Clay, JJ.) (setting forth the

3

procedural history of plaintiff's attempts to seek federal relief from his convictions). Plaintiff has since filed several unsuccessful motions for leave to file a second or successive habeas corpus petition. *See id.*[1]

In the instant complaint, plaintiff alleges that in 2017 he discovered that his mental health records were sealed prior to trial, preventing him from proving an insanity defense to the above offenses. (Doc. 1-1 at PageID 15-16). Plaintiff claims that defendants Ney, Flessa, Matthews, and Longano, acting with discriminatory animus based on plaintiff's racial background, conspired to seal his records to obtain his convictions. (Doc. 1-1 at PageID 16). Plaintiff further alleges that defendants Rosenwald and Schmidtgoessling were aware of the conspiracy but took no action to prevent it. (Doc. 1-1 at PageID 17-19). Additionally, plaintiff contends that defendants Ney, Flessa, Matthews, and Longano withdrew trial subpoenas for mental health doctors who would have testified at trial as to plaintiff's mental health at the time of the crimes. (Doc. 1-1 at PageID 16).

For relief, plaintiff seeks declaratory, injunctive, and monetary relief. (Doc. 1-1 at PageID 20).

Plaintiff's complaint is barred by *Heck v. Humphry*, 512 U.S. 477 (1994), and should be dismissed without prejudice.

In *Heck*, the Supreme Court held that a civil action under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. By challenging his

---

[1]This Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

4

ability to raise the defense of insanity, plaintiff seeks to call into question his underlying Hamilton County convictions for rape and robbery. Because plaintiff does not allege that his convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus, his complaint is barred by *Heck*.[2]

Accordingly, in sum, plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE** as *Heck*-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as *Heck*-barred.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

Date: 4/6/2021

Karen L. Litkovitz
United States Magistrate Judge

---

[2] The same principle enunciated in *Heck* with respect to § 1983 claims also applies to conspiracy claims brought under 28 U.S.C. § 1985. *See Lanier v. Bryant,* 332 F.3d 999, 1005–06 (6th Cir.2003). Plaintiff's derivative claim under § 1986 would likewise fail to state a claim for relief because there can be no violation of § 1986 without a predicate violation of § 1985. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERY WOODS,
    Plaintiff,

vs

ARTHUR M. NEY, JR., *et al.*,
    Defendants.

Case No. 1:20-cv-693

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).